## C. F. KNOPP v. STATE.

No. A-7359.   Opinion Filed Oct. 11, 1930.
Rehearing Denied Nov. 15, 1930.
(292 Pac. 883.)

Joe Adwon and S. A. Horton, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The evidence of the state was that the officers had a search warrant for a Ford coupe, the property of Alice Jones, who was the defendant's daughter; that they arrested the defendant and his daughter, Alice Jones, and a woman named Ellen Wofford; that all of the parties were in this Ford coupe; that in the front of the car, near defendant's feet, they found a half gallon of wine, and in the turtle back of the car they found nine gallons of whisky. The Jones and Wofford women pleaded guilty to the charge of transporting liquor. These women, testifying for the defendant, attempted to take all

of the blame for the possession of the liquor. The defendant took the stand and denied that he knew the liquor was in the car or had anything to do with it.

The state then called in rebuttal the officers who made the arrest, and they testified that the Wofford woman told them that the defendant and his daughter took the car at Chickasha and were gone together a couple of hours, and when they returned the wine was in the front of the car, but that she knew nothing about the whisky in the back of the car until about the time the officers arrested them, when the Jones woman told her that there was whisky in the back of the car.

The question presented is, Was this evidence sufficient to justify the jury in returning a verdict of guilty against the defendant? Defendant admits he made the trip to Chickasha with his daughter and was riding in the car at the time of the arrest. All the facts and circumstances in the case point unerringly to the fact that defendant knew that this liquor was in the car and was participating in its transportation. The jury saw the witnesses and heard them testify; they were in proper position to determine who was telling the truth, and, where there is a conflict in the evidence, this court will not disturb the verdict of the jury where there is competent evidence to support the same.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.